DEVIN DERHAM-BURK, #104353
CHAPTER 13 STANDING TRUSTEE
E. ALEXANDRA DELATEUR, ESQ. #128456
KAREN KO, ESQ. #265030
DEVIN L. PACE, ESQ. #256514
P.O. BOX 50013
SAN JOSE, CA 95150-0013
TELEPHONE: (408) 354-4413
FACSIMILE: (408) 354-5513

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA - DIVISION 5

| | |
|---|---|
| IN RE:<br>BARBARA SHOWALTER,<br><br>Debtor(s) | CHAPTER 13 CASE NO. 10-55195SLJ<br><br>MOTION TO DISMISS BY CHAPTER 13 TRUSTEE AND MOTION TO DISGORGE FEES<br><br>Hearing Date: March 17, 2011<br>Hearing Time: 9:30 a.m.<br>Judge: Johnson<br>Place: U.S. Bankruptcy Court<br>    280 S. First St., Room 3099<br>    SAN JOSE, CA 95113 |

TO: BARBARA SHOWALTER, DEBTOR, GARY PAUL, ESQ., ATTORNEY FOR DEBTOR, AND ALL PARTIES IN INTEREST:

    Devin Derham-Burk, Standing Chapter 13 Trustee, submits the following Motion to Dismiss pursuant to 11 U.S.C. sections 109(h), 329, 521(b) and 1307(c) and 2) motion to disgorge fees as follows:

    1. The debtor, Barbara Showalter ("debtor"), filed this Chapter 13 case on May 19, 2010 and her attorney of record is Gary Paul, Esq. [Docket #1].

2. Devin Derham-Burk is the duly appointed Standing Chapter 13 Trustee in this matter (hereafter "Trustee").

3. The debtor's Chapter 13 case was filed without the credit counseling certificate required by 11 U.S.C. §521(b) but the debtor filed an Exhibit D to the petition with paragraph #2 marked, stating that the debtor had received pre-petition credit counseling within 180 days of filing the instant petition but did not have the certificate in time to file along with the petition [Docket #1]. A true and correct copy of the voluntary petition with the attached Exhibit D is attached hereto as Exhibit A and incorporated herein by this reference.

4. The debtor filed certificate of credit counseling on July 28, 2010 [Docket #18] which indicates that the counseling was done on July 27, 2010 which is 56 days after the petition was filed. A true and correct copy of the Certificate of Counseling is attached hereto as Exhibit B and incorporated herein by this reference.

5. The debtor made a motion to allow the late counseling on November 27, 2010 [Docket #44] which was denied by this Court on December 10, 2010 [Docket #51]. A true and correct copy of said Order is attached hereto as Exhibit C and incorporated herein by this reference.

6. The Trustee requests that the Court take judicial notice of its own records in this case pursuant to Fed.R.Evid. 201 made applicable to bankruptcy proceedings pursuant to Fed.R.Bankr.P. 9017. Per the Court's docket, no certificate of timely credit counseling has been filed to satisfy the pre-petition credit counseling requirement in this case. A true and correct copy of the Court's PACER docket is attached hereto as Exhibit D and incorporated herein by this reference.

7. Section 1307(c) permits the Trustee to bring a motion to dismiss a Chapter 13 case for cause if it is in the best interests of the creditors and the estate. The Court can consider any "cause" including, but not limited to the enumerated grounds in subsection (c). In this case, the failure to participate in pre-petition credit counseling constitutes "cause" under section 1307(c).

8. The Bankruptcy Abuse Prevention And Consumer Protection Act of 2005 added the following provision to the definition of who may be a debtor under Title 11:

> [A]n individual may not be a debtor under this title unless such individual has, **during the 180-day period preceding the date of filing of the petition** by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis. [emphasis supplied]

11 U.S.C. §109(h)(1)

Rule 1007(b)(3) provides that "…an individual debtor must file the [credit counseling] certificate and debt repayment plan, if any, required by §521(b)." No valid credit counseling certificate has been filed.

9. Mr. Paul has been paid a retainer of $2,500.00 to file this Chapter 13 case according to the filed Second Amended Statement of Financial Affairs [Docket #53] but it appears he did not file a Rule 2016(b) Statement in the case. Mr. Paul has wholly failed to show that this debtor is eligible to be a debtor under the Bankruptcy Code. A true and correct copy of the answer to question #9 of the Second Amended Statement of Financial Affairs is attached hereto as Exhibit E and incorporated herein by this reference. If Mr. Paul has failed to verify that the debtor was eligible to file this case and has represented that the debtor has the certificate of credit counseling when she actually did not do the counseling pre-petition, he should disgorge the entire fee for this case and the filing fee so that the debtor can start fresh with new counsel. 11

U.S.C. §§105 and 329(b) along with Fed.R.Bankr.P. 2017 permit the Court to alter the contract for compensation between the debtor and his attorney if the amounts charged are not reasonable for the work performed. Section 105(a) allows this Court general powers "…necessary or appropriate to carry out the provisions of this title." Section 329(b) provides,

> If such [a debtor's attorney's] compensation exceeds the reasonable value of the services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to—...
> (2) the entity that made such payment.

Section 330 sets out the standard by which a Court should determine the reasonableness of fees under § 329. Am. Law Center, PC. v. Stanley (In re Jastrem), 253 F.3d 438, 443 (9th Cir. 2001) (citations omitted); Hale v. United States Trustee (In re Basham), 208 B.R. 926, 931 (9th Cir. BAP 1997) (citation omitted). Section 330 provides,

> (3) In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –…
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title [.]

11 U.S.C. § 330(a)(3) (West 2006). Section 330 further provides that a Court shall **not** allow compensation for services that are not "reasonably likely to benefit the debtor's estate [or] necessary to the administration of the case." 11 U.S.C. § 330(a)(4)(A)(ii) (West 2006) (emphasis added). The burden of proof is on the attorney claiming a fee in a bankruptcy proceeding to establish the value of the services provided. In re Basham, 208 B.R. at 931 (citing Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983)); In re Gianulias, 111 B.R. 867 (Bankr. E.D. Cal. 1989); In re Coastal Equities, Inc., 39 B.R. 304, 310 (Bankr. S.D. Cal. 1984). The Trustee argues that the debtor has failed to receive the benefit of her bargain with her counsel because Mr. Paul did not make sure that the debtor met the credit counseling requirement for eligibility. As a result, the Trustee asserts that the attorney's services

did not benefit the debtor and the $2,500.00 paid by the debtor to the attorney exceeds the reasonable value of the attorney's services. Therefore, the attorney should be required to refund all fees collected in this case, including the filing fee.

WHEREFORE, Devin Derham-Burk, the Standing Chapter 13 Trustee, respectfully requests that this Court dismiss this case and order Mr. Paul to disgorge the $2,500.00 fees paid and filing fee of $274.00 to the debtor within fourteen (14) days with proof payment provided to the Trustee.

Respectfully submitted,

February 4, 2011 /s/ E. Alexandra DeLateur
Attorney for the Chapter 13 Trustee